Prince v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-085-CR

     EDWARD EUGENE PRINCE,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the Criminal District Court No. 5
Dallas County, Texas
Trial Court # F93-67149-SL
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      A jury found the appellant, Edward Eugene Prince, guilty of the unlawful delivery of a
controlled substance, namely, cocaine, and on February 21, 1994, the trial court, following
Prince's plea of true to two enhancement paragraphs, sentenced him to life imprisonment in the
Texas Department of Criminal Justice-Institutional Division. Tex. Health & Safety Code Ann.
§§ 481.001 et seq. (Vernon 1992 & Supp. 1997); Tex. Penal Code Ann. § 12.42 (Vernon 1994
& Supp. 1997). The record filed in this cause reveals that a motion for new trial was filed by
Prince's trial counsel on March 18, 1994, but that by failing to file a notice of appeal counsel
neglected to perfect the appeal.
            Prince subsequently brought a post-conviction petition for a writ of habeas corpus in the
Court of Criminal Appeals, contending that his counsel had rendered ineffective assistance by
failing to perfect his appeal. In an opinion delivered November 6, 1996, the Court of Criminal
Appeals agreed and allowed Prince an out-of-time appeal. In the opinion, the Court of Criminal
Appeals further provided that Prince, should he desire to prosecute an appeal, must "take
affirmative steps to see that notice of appeal is given within thirty days after the mandate . . . has
issued." The court's mandate was issued on November 22, 1996.


 Prince filed a notice of appeal
in the trial court on January 7, 1997.
            A timely notice of appeal is necessary to invoke a court of appeal's jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The Court of Criminal Appeals in its
opinion granting Prince an out-of-time appeal allowed him until December 23, 1996, to file a
notice of appeal. The notice of appeal he filed on January 7, 1997, was filed fifteen days too late.
            Provision is made in the appellate rules for the untimely filing of a notice of appeal. Rule
41(b)(2) provides that "[a]n extension of time for filing notice of appeal may be granted by the
court of appeals if such notice is filed within fifteen days after the last day allowed and within the
same period a motion is filed in the court of appeals reasonably explaining the need for such
extension." Id. 41(b)(2). The fifteen days following the date Prince's notice of appeal was due
passed without him requesting an extension of time in which to file a notice of appeal.
            On March 5, 1997, we gave notice to Prince that we may dismiss his appeal for want of
jurisdiction unless within ten days he provided sufficient grounds for continuing it. In a letter
received by this court on March 10, 1997, but dated March 3, Prince's counsel, who was
appointed on January 7, 1997, stated his opinion that this court lacks jurisdiction over the appeal. 
Counsel also stated that he did not learn until after January 7, 1997, either that a notice of appeal
had been filed on January 7 or that he had been appointed that same day to represent Prince on
appeal.
            Prince's notice of appeal was untimely, and he failed to file a motion to extend the time
in which to file a notice of appeal. Therefore, this appeal was not timely perfected, and we
dismiss it for want of jurisdiction. See Olivo, 918 S.W.2d at 522.
                                                                       PER CURIAM

Before Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed March 26, 1997
Do not publish